NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1258

COMMONWEALTH

vs.

KEVIN LARA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of three counts of assault and battery after he attacked a fellow detainee and two court officers at the Fall River Justice Center.  The defendant asserts that the trial judge erred in allowing the two court officers to identify the defendant in court.  We affirm.

When "an eyewitness has not participated before trial in an identification procedure, a subsequent in-court identification by that witness is permissible only where there is 'good reason' for its admission" (quotations omitted).  Commonwealth v. Ortiz, 487 Mass. 602, 609 (2021), quoting Commonwealth v. Crayton, 470 Mass. 228, 241 (2014).  "[T]here may be 'good reason' . . .

where the eyewitness was familiar with the defendant before the commission of the crime."  Crayton, supra at 242.  "Good reason" also exists "where the witness is an arresting officer who was also an eyewitness to the commission of the crime, and the identification merely confirms that the defendant is the person who was arrested for the charged crime."  Id.  Because the defendant objected at trial, we review for prejudicial error.  See id. at 252.  We "may affirm [the] motion judge's decision on grounds different from those relied upon by [the] judge, if those grounds are supported by [the] record and [the] judge's findings of fact."  Commonwealth v. Davis, 481 Mass. 210, 220 (2019), citing Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997).

There was "good reason" for the in-court identifications of the defendant.  First, when the court officers retrieved the defendant from a cell, they referred to a packet of materials known as a "jacket," a clear sleeve that contains the detainee's name, photograph, and the reason for the court appearance.  Therefore, each was familiar with the defendant before he committed the assaults.  Second, both officers were in the elevator with the defendant when the fracas began; the defendant never left the sight of one officer and only briefly left the sight of the other.  Therefore they were eyewitnesses to the crime.  Third, the defendant attacked the officers, making them

2

not just eyewitnesses, but also victims. Fourth, after the defendant's attacks, the officers confined him in a holding cell, where he remained until escorted away by other court officers. We are satisfied that the officers' in-court identifications served as "confirmation that the defendant sitting in the court room [was] the person whose conduct [was] at issue rather than as identification evidence" and were thus supported by "good reason." Crayton, 470 Mass. at 242. See Commonwealth v. Stewart, 94 Mass. App. Ct. 485, 487-488 (2018). See also Commonwealth v. Fielding, 94 Mass. App. Ct. 718, 723 (2019).

In any case, the in-court identifications did not prejudice the defendant. The assault was captured on video recordings, which were presented to the jury. Based on our de novo review of the video recordings, see Commonwealth v. Yusuf, 488 Mass. 379, 385 (2021), the recordings were of adequate quality such that the jury could have identified the defendant's face.

Contrast Commonwealth v. Davis, 487 Mass. 448, 469 (2021), S.C.,

491 Mass. 1011 (2023).

Judgments affirmed.

By the Court (Neyman,
  Hershfang & Toone, JJ.[1]),

Clerk

Entered:  June 15, 2026.

---

[1] The panelists are listed in order of seniority.